IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DANNY J. STARLING AND JANICE STARLING     PLAINTIFFS

V.     CIVIL ACTION NO. 1:17-CV-00216-SA-DAS

CRAWFORD & COMPANY, ET AL.     DEFENDANTS

**DEFENDANTS CRAWFORD & COMPANY AND BROADSPIRE SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Crawford & Company ("Crawford") and Broadspire Services, Inc. ("Broadspire") file this Memorandum of Law in Support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction,[1] and in support thereof show the following:

### INTRODUCTION

Plaintiffs, Danny J. Starling and Janice Starling (collectively, the "Starlings"), filed an Amended Complaint against Mr. Starling's former employer, his former employer's workers' compensation insurers, employees of the workers' compensation insurers, the third-party administrator handling his workers' compensation claim, employees of the third-party administrator, and medical facilities and a doctor that provided him treatment. As to Defendants Crawford & Company and Broadspire Services, Inc., the Amended Complaint asserts claims of

---

[1] Crawford and Broadspire file this Motion to Dismiss solely to address the Court's—and any court's—subject matter jurisdiction to hear the Starling's action regarding non-payment of workers' compensation benefits prior to the exhaustion of all administrative remedies. Crawford and Broadspire reserve all rights to assert defenses to the merits of the Starlings' claims, including all additional defenses available under Rule 12(b)(1)-(7).

bad faith, conspiracy, breach of contract, gross negligence, breach of good faith and fair dealing, and fraud related to the administration of Mr. Starling's workers' compensation claim.

Significantly, the Starlings attempt to bring claims related to Crawford and Broadspire's allegedly improper denial of medical benefits and closure of the medical management portion of Mr. Starling's workers' compensation claim. However, Mr. Starling has failed to exhaust the administrative remedies required under Mississippi law prior to filing a bad faith action related to the non-payment of workers' compensation benefits. As Mr. Starling has failed to exhaust those remedies, this action is premature and the Court lacks subject matter jurisdiction to hear this matter.

## RELEVANT FACTUAL BACKGROUND

Plaintiff Danny Starling injured his back on December 7, 1999, while working for Burlington House Fabrics ("Burlington").[2] The Mississippi Workers' Compensation Commission determined that he was due disability payments and medical expense payments from his employer's workers' compensation insurer, Reliance National Indemnity Company ("Reliance").[3] Reliance "utilized Crawford & Company as their Workers' Compensation Third Party administrator."[4] Mr. Starling underwent numerous procedures over several years to treat the pain related to his back injury, including lumbar fusion surgery and nerve blocks.[5]

In March 2016, the physician that performed Mr. Starling's lumbar fusion in 2002—Dr. Crosby—allegedly recommended a revision of the original surgery based on an MRI of Mr. Starling.[6] However, Dr. Crosby refused to perform the surgery, allegedly because he no longer

---

[2] *Id.* ¶19.
[3] *Id.* ¶¶19-21.
[4] *Id.* ¶21.
[5] Amended Compl. ¶22.
[6] *Id.* ¶22.

2

accepted workers' compensation insurance.[7] After Starling advised Broadspire that Dr. Crosby recommended a revision of his prior lumbar surgery, Broadspire arranged for Mr. Starling to see Dr. Fereidoon Parsioon of Phoenix Neurosurgery, PLLC for additional evaluation.[8]

Dr. Parsioon's evaluation was "to discuss if another surgery was necessary to help [Mr. Starling] with his pain and suffering."[9] Following the evaluation, Dr. Parsioon determined that additional nerve blocks and surgery were not medically necessary to treat Mr. Starling's pain, as the cause of Mr. Starling's pain was degenerative and unrelated to his previous workers' compensation injury.[10] Dr. Parsioon did recommend a pain pump to relieve Mr. Starling's symptoms, but Mr. Starling refused that treatment.[11] On November 18, 2016, Broadspire sent correspondence to Mr. Starling advising that the medical management portion of Mr. Starling's workers' compensation claim would be closed.[12] Based on these allegations, the Starlings filed suit.

## ARGUMENT

### I. THE COURT SHOULD DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION.

#### A. The Court Does Not Have Subject Matter Jurisdiction Over Plaintiffs' Claims As Plaintiff Danny Starling has Failed to Exhaust His Administrative Remedies.

Mississippi law recognizes that a claimant may have an independent cause of action in tort for bad faith refusal to pay workers' compensation benefits when an insurance carrier or self-insured employer denies benefits without a legitimate or arguable basis, commits a willful or

---

[7] *Id.*
[8] *Id.*
[9] Amended Compl. ¶50.
[10] *Id.* ¶23.
[11] *Id.* ¶¶23, 24.
[12] *Id.* ¶26.

3

malicious wrong, or acts with gross and reckless disregard for the claimant's rights.[13] However, the Mississippi Workers' Compensation Commission (the "Commission") has exclusive jurisdiction to determine whether the claimant is entitled to such benefits.[14] Under Mississippi law, a plaintiff may "not maintain a bad faith action for refusal to pay for disputed medical services and supplies absent the Commission's prior determination that those services and supplies were reasonable and necessary."[15]

A workers' compensation claimant must obtain a final judgment from the Commission that he is entitled to benefits—i.e., he must exhaust his administrative remedies—before instituting an action for the alleged bad faith denial of benefits.[16] A bad faith action does not accrue until the Commission has reviewed the presented dispute, conducted an inquiry, and issued a final mandate.[17] "[T]he requirement to exhaust administrative remedies before filing a lawsuit for bad faith ensures that the proper body—the Commission—adjudicates [the underlying claim]."[18] The "exhaustion of the administrative remedial process is a mandatory condition precedent to the maintaining of a bad faith suit for an allegedly wrongful denial of any workers' compensation benefits."[19] Here, the Starlings have failed to fulfil this necessary predicate before filing a bad faith action.

---

[13] *See Miss. Power & Light Co. v. Cook*, 832 So.2d 474, 479 (Miss. 2002); *Chapman v. Coca–Cola Bottling Co.*, 180 So.3d 676, 681 (Miss. Ct. App. 2015); *Walls v. Franklin Corp. (Walls II)*, 177 So. 3d 1156, 1163 (Miss. Ct. App. 2015); *AmFed Cos. v. Jordan*, 34 So. 3d 1177, 1183 (Miss. Ct. App. 2009).
[14] *See Hardaway v. Howard Indust., Inc.*, 211 So. 3d 718, 722 (Miss. Ct. App. 2016).
[15] *Walls I*, 797 So. 2d at 977.
[16] *See Harper v. Cal–Maine Foods Inc.*, 43 So.3d 401, 403 (Miss. 2010); *Bullock v. AIU Ins.*, 995 So. 2d 717, 723 (Miss. 2008); *Walls v. Franklin Corp. (Walls I )*, 797 So. 2d 973, 976–77 (Miss.2001); *Walls II*, 177 So. 3d at 1161–63.
[17] *Harper*, 43 So.3d at 403 n. 3.
[18] *See Walls II*, 177 So.3d at 1163.
[19] *Whitehead v. Zurich*, 348 F.3d 478, 481 (5th Cir. 2003) (applying Mississippi law).

The Commission previously found that Mr. Starling was disabled and that his employer, Burlington House Fabrics, and their insurer, Reliance, were required to provide Mr. Starling disability payments over a defined period and "medical services and supplies for his injury."[20] These medical services and supplies comprised treatment from 1999 to 2016, which included nerve blocks and lumbar surgery.[21] It was not until Dr. Parsioon's examination of Mr. Starling in 2016 that it was determined that medical services and supplies were no longer medically necessary for the treatment of Mr. Starling's prior injury.[22] Despite his findings, Dr. Parsioon recommended a pain pump to Mr. Starling to treat his ongoing pain related to the degeneration of his spine, but Mr. Starling refused that treatment.[23]

While the Amended Complaint references a previous determination by the Commission in 2009 that Mr. Starling was entitled to an additional lumbar facet injection during the 2009 calendar year, that determination is unrelated to the treatment currently in dispute.[24] At no time has the Commission determined that lumbar surgery was medically necessary for the treatment of Mr. Starling's prior injury, or that a revision of a lumbar surgery was proper.[25] Until Mr. Starling brings his dispute with Dr. Parsioon's findings before the Commission for review, he has failed to fulfil the mandatory prerequisites to filing a bad faith action.[26] Where "[t]he Workers' Compensation Commission has not found bad faith refusal [to pay workers' compensation benefits] . . . this claim is not ripe for adjudication by [any] Court."[27] As a plaintiff's failure to

---

[20] Amended Compl. ¶20.
[21] *Id.* ¶¶20-22.
[22] *Id.* ¶¶23-24, 26.
[23] *Id.* ¶¶23-24.
[24] *See* Exhibit D to Amended Compl.
[25] *Hardaway*, 211 So. 3d at 722 ("Commission has exclusive jurisdiction to determine in the first instance whether the claimant is entitled to such benefits.").
[26] *Whitehead*, 348 F.3d at 481.
[27] *Id.*

5

exhaust administrative remedies implicates a court's subject matter jurisdiction, this matter should be dismissed.[28]

## CONCLUSION

For the reasons set forth above, the Court should grant Defendants Crawford & Company and Broadspire Services, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. Crawford & Company and Broadspire Services, Inc. also requests any additional relief the Court may deem appropriate.

This the 26th day of January, 2018.

    Respectfully submitted,

    CRAWFORD & COMPANY, AND
    BROADSPIRE SERVICES, INC.

    By Their Attorneys,

    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC


    /s/ *Amy Champagne*
        AMY CHAMPAGNE


Amy Champagne (MS Bar No. 102447)
Brenton W. Cole (MS Bar No. 104205)
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, PC
Post Office Box 14167
Jackson, Mississippi 39236
Telephone: (601) 351-2400
Facsimile: (601) 351-2424
achampagne@bakerdonelson.com
bcole@bakerdonelson.com

---

[28] *See Hardaway*, 211 So. 3d at 724 (Dismissing plaintiff's bad faith action for failure to exhaust administrative remedies).

4816-9870-7802
2926752-000299

**CERTIFICATE OF SERVICE**

    I, Amy Champagne, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

    This 26th day of January, 2018.

                                                  /s/ *Amy Champagne*
                                                    AMY CHAMPAGNE

4816-9870-7802
2926752-000299