# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**DANNY J. STARLING AND JANICE STARLING**                      **PLAINTIFFS**

**v.**                                              **Civil Cause No. 1:17-cv-00216-GHD-DAS**

**CRAWFORD & COMPANY, *et al.***                    ·               **DEFENDANTS**

---

## MEMORANDUM OPINION

---

In this matter, Plaintiff Danny Starling Defendants Crawford & Company ("Crawford") and Broadspire Services, Inc.'s ("Broadspire") for denying his workers' compensation benefits claims in bad faith. Crawford and Broadspire have filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [43]. Having considered the matter, the Court finds the motion should be granted.

### Factual and Procedural Background

In 1999, Starling injured his back while on the job with his employer, Burlington House Fabrics. Compl. ¶ 19. The Mississippi Workers' Compensation Commission found him permanently and totally disabled and ordered Burlington and its workers' compensation carrier, Reliance National Indemnity Co., to provide Starling with disability payments for a period of 450 weeks, and payments for medical services and supplies to treat his injury as necessary. *Id.* ¶ 20; *Danny J. Starling vs. Burlington House Fabrics*, No. 00 10023-G-9111, 2002 WL 31007477, at *5-6 (Miss. Work. Comp. Com. Aug. 13, 2002). Reliance utilized Defendant Crawford and Crawford's affiliate, Defendant Broadspire, for claims administration. Compl. ¶ 19.

In August 2002, Starling received a spinal fusion surgery from Dr. Glenn Crosby. He followed up that surgery with Dr. George Hammitt for pain management. *Id.* ¶ 22. Dr. Hammitt provided Starling with nerve block injections to alleviate the pain for periods of time. *Id.* In March

2016, Dr. Crosby advised Starling that he needed a revision of the original fusion surgery. Dr. Crosby, could not perform the revision, however, because he no longer accepted workers' compensation insurance. *Id.*

Starling informed Broadspire that Dr. Crosby had recommended another surgery, and Broadspire referred Starling to Dr. Feeidoon Parsioon for an independent medical exam. *Id.* Dr. Parsioon determined that the back pain that Starling was currently suffering was degenerative— that is, it was caused by general wear and tear of the spinal disks— and not related to his injury or prior surgery. *Id.* at ¶ at 23. Therefore, he found that no further nerve block injections or surgical intervention was medically necessary. *Id.* Instead, Dr. Parsioon recommended Starling be implanted with a pain pump. *Id.*

Afterwards, Starling was notified that he would not be approved for any further nerve block injections or for the surgery. He was further notified by Broadspire that the medical management portion of his claim would be closed. *Id.* ¶¶ 24, 26.

Starling then brought this present suit in state court against numerous defendants[1] alleging they had all conspired to deny him his workers' compensation benefits in bad faith. Defendants timely removed to this Court. Starling subsequently dismissed all but Crawford and Broadspire. Those defendants now move to dismiss the complaint. Starling has responded, and the matter is now ripe for review.

---

[1]  Other than Crawford and Broadspire, the complaint included Broadspire employees Linda Hampton, Libby Ward, and Michael Morgan; International Textile Group; Northwestern National Insurance Company, and its employees Aillsa Boykin and Terry Simpson; Compass Insurance Company; Dr. Parsoon and his medical practice, Phoenix Neurosurgery; Medtronic Inc.; and Dr. Hammitt and his medical practice, Pain Management Center of North Mississippi.

## 12(b)(1) Motion Standard

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. " '[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

## Discussion

Statutory compensation under the Mississippi Workers' Compensation Act is the exclusively remedy for employees injured on the job. Miss. Code Ann. § 71-9-3. Mississippi law recognizes that a bad faith tort claim, independent from the work-related injury, accrues where an employer or insurer refuses to pay for benefits as required under the Act. *Southern Farm Bureau Cas. Ins. V. Holland*, 469, So. 2d 55, 58-59 (Miss. 1984.)

It is a strict requirement, however, that a plaintiff make full use of the administrative process before bring a bad faith denial of benefits claim. *Walls v. Franklin Corp.*, 797 So. 2d 973, 977 (Miss. 2001). "[E]xhaustion of the administrative remedial process is a mandatory condition precedent to the maintaining of a "bad faith" suit for an allegedly wrongful denial of any workers' compensation benefits." *Id.* at 975 (internal quotations omitted).

The initial order in Starling's workers' compensation claim required that he be provided with "medical services and supplies as required by the nature of [his] injury and the process of recovery therefrom . . ." *Starling*, 2002 WL 31007477 at *5-6. Disputes of what is necessary to treat his injury and recovery are required by Miss. Code Ann. § 71-3-15 to be "resolved through the Commission's procedures." *Walls*, 797 So. 2d at 976. The Commission further retains jurisdiction to "review a compensation case, issue a new compensation order which may terminate, continue, increase, or decrease such compensation, or award compensation." Miss. Code Ann § 71-5-53.

Crawford and Broadspire argue that Starling has failed to submit his claims for the revision surgery and further nerve block injections to the Commission to determine whether they are reasonable and necessary to treat back pain associated with the injury he suffered in 1999. Thus, they argue, this Court lacks subject matter jurisdiction to hear Starling's claims.

Starling concedes that his bad faith claim for the denial of the revision surgery cannot lie until the Commission determines that surgery is necessary. However, he presents two arguments for why this case should not be dismissed outright. First, he contends that the Commission has already determined his nerve block injections to be necessary. Second, he argues that his claims are not for a bad faith denial of his nerve block injections and other medications, but on a bad faith delay in authorizing those treatments.

It is a requirement for the Commission to adjudicate the underlying claim and issue a final mandate before a bad faith claim arises. The Commission possesses the sole authority to determine whether a treatment is necessary. *Hardaway v. Howard Indus., Inc.*, 211 So. 3d 718, 722 (Miss. Ct. App. 2016) ("[T]he Commission has exclusive jurisdiction to determine in the first instance whether the claimant is entitled to such benefits"). Thus, as an initial matter, Starling must show the Commission has found him to be entitled to the nerve block injections that he sought.

Starling fails that to meet that burden. He points to a November 2009 order from the Commission finding that he was entitled to receive certain nerve block injections recommended by Dr. Hammitt in 2009. But that order simply establishes that he was entitled to those specific nerve block injections recommended by Dr. Hammitt. It does not show that the Commission found that Starling was entitled receive nerve block injections for the rest of his life, or even in 2016 after another doctor found such injections were not necessary. Thus Starling has not exhausted his administrative remedies with respect to those benefits.

Starling also argues that Crawford and Broadspire delayed approval for the injections and treatment in bad faith. The Court first notes that complaint makes no mention of Crawford and Broadspire delaying any treatment for Starling—it is clearly predicated on outright denial of treatment. Even considering these bad faith delay claims, it is still necessary for Starling to first submit his dispute to the Commission. Without a determination that such treatment and medication is required no bad faith—whether delay or denial—can proceed. *See Hardaway*, 211 So. at 721-22 (affirming in part trial court's dismissal of bad faith claim for failure to pay benefits "in a timely fashion" where Plaintiff did not exhaust administrative remedies by obtaining a "final judgment that the benefits at issue are compensable").

State law requires Starling to exhaust his administrative remedies with the Commission before filing this suit. This Court lacks jurisdiction to adjudicate the claims presented in the case *sub judice* until Starling meets those requirements. *See Hedrick ex rel. Adams v. Texas Workers Comp. Comm'n,* 54 F. App'x 592 (5th Cir. 2002) (holding that "the district court correctly concluded it lacked jurisdiction" where plaintiff filed suit before exhausting administrative remedies as required by state law). Because this Court lacks jurisdiction, the case must be dismissed.

## Conclusion

Starling must exhaust his administrative remedies with the Mississippi Workers' Compensation Commission before he can bring a bad faith denial of benefits claim. He has not done so. Accordingly, the case must be dismissed.

An order in accordance with this opinion shall issue.

This, the 27ᵗʰ day of April, 2018.

_____

SENIOR U.S. DISTRICT JUDGE