UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DANNY J. STARLING,
JANICE STARLING                                              PLAINTIFFS

v.                                              Civil No. 1:17-CV-00216-GHD-DAS

CRAWFORD & COMPANY, et al.                                    DEFENDANTS

## MEMORANDUM OPINION

Now before this Court is Plaintiffs Danny and Janice Starling's Motion for Reconsideration [115]. Having considered the matter, the Court finds the motion should be denied.

### Background

Danny Starling receives workers' compensation benefits as a result of an on-the-job back injury he suffered in 1999. Defendants are claims administrators for the workers' compensation carrier of Starling's former employer.

In the years since, Danny has received treatments to manage the pain associated with the injury. In 2016 a doctor recommended Danny receive a back surgery, and Danny informed Defendants of the doctors' recommendation. Defendants referred Danny to another physician, who determined that the back pain Danny was now suffering was not related to his original back injury. Defendants denied authorization for the surgery and notified Danny that they were closing the medical management portion of his claim.

The Starlings brought this suit against Defendants alleging that they denied and delayed authorization for the surgery and other pain management treatments he was entitled to in bad faith.[1] This Court dismissed those claims. The Starlings now move the Court to reconsider.

---

[1] The suit was initially brought in state court. Defendants timely removed to this court, premising removal jurisdiction on diversity of citizenship under 28 U.S.C. § 1132.

1

## Motion to Reconsider Standard under Rule 59(e)

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Because the motion before this Court was filed within 28 days of the Court's order, the Court will treat the motion as a Rule 59(e) motion to alter or amend judgment. *See* FED. R. CIV. P. 59. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A party should not attempt to use the Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479, (citing *Simon v. U.S.*, 81 F.2d 1154, 1159 (5th Cir. 1990)).

## Analysis

The Starlings presented two separate bases for their bad faith claims. First, they alleged that Defendants denied a back surgery Danny sought in bad faith, and second, they alleged that Defendants delayed authorization for medications and injections for his back pain in bad faith.

Mississippi law recognizes that a bad faith tort claim, independent from the work-related injury, accrues where an employer or insurer refuses to pay for benefits as required under the Act. *Southern Farm Bureau Cas. Ins. v. Holland*, 469, So. 2d 55 58-59 (Miss. 1984). To establish a bad faith denial of benefits, the plaintiff must show: (1) a contract of workers' compensation insurance existed between the defendant and the plaintiff's employer; (2) the carrier denied the plaintiff's compensable workers' compensation claim without a legitimate or arguable reason; and (3) the

denial of benefits constitutes a willful and intentional or malicious wrong. *Rogers v. Hartford Acc. & Indem. Co.*, 133 F.3d 309, 312 (5th Cir. 1998) (citing *Holland*, 469 So.2d at 58-59).

The Mississippi Workers' Compensation Commission has "exclusive jurisdiction to determine in the first instance whether the claimant is entitled to such benefits." *Hardaway v. Howard Indus., Inc.*, 211 So. 3d 718, 722 (Miss. Ct. App. 2016). Thus, a plaintiff must exhaust his administrative remedies with the Commission and receive a determination that he is entitled to those benefits before proceeding on a bad faith claim. *Walls v. Franklin Corp.*, 797 So. 2d 973, 977 (Miss. 2001) ("[E]xhaustion of the administrative remedial process is a mandatory condition precedent to the maintaining of a "bad faith" suit for an allegedly wrongful denial of any workers' compensation benefits.").

Bryan Starling admits that he did not obtain a determination from the Commission that either the back surgery or the medications and injections he was requesting were compensable; that is, whether they were medically necessary to treat injuries and pain associated with his original back injury. The Starlings conceded that this precluded the bad faith denial claim for the back surgery he sought. They argued, however, that their other bad faith claims—the claims for the delay in authorizing medication and injections—could proceed because it was not necessary to obtain a final determination from the Commission in a delay claim. The Court disagreed and dismissed their claims.

The Starlings, in the present motion, attempt to reassert that bad faith delay claims are not precluded by a plaintiff's failure to obtain a determination from the Commission. In support, they cite another case from this district in which the court allowed a bad faith delay claim to proceed even though the plaintiffs had not received a final determination. *Smith v. Union Ins. Co.*, No. 3:15-CV-00162-MPM-RP, 2017 WL 2465022 (N.D. Miss. June 6, 2017). Thus, they argue, this

3

Court made a manifest error in law by determining the such administrative exhaustion was required.

With respect, because this is a matter of state law, the Court finds much more persuasive the opinion of the Mississippi Court of Appeals in *Hardaway v. Howard Indus., Inc.*, 211 So. 3d 718 (Miss. Ct. App. 2016). In *Hardaway*, two employees who suffered work-related injuries filed compensation claims with the Commission. Before the Commission had issued a final determination, the employees filed bad faith claims against their employer and its insurance carrier. *Id.* at 720. Importantly, one employees' claim was based not on the defendants' failure to pay benefits at all, but on their failure to pay benefits "in a timely fashion." *Id.* Indeed, the defendants eventually authorized the benefits the employee sought. *Id.*

The Mississippi Court of Appeals affirmed the trial court's dismissal of the suit, holding that "binding precedent clearly dictated dismissal" of the complaints because such a suit cannot "be filed and maintained until the claimant first obtains a final judgment that the benefits at issue are compensable." *Id.* at 722. The Court did not see it necessary to make a distinction between the benefit claims that had been denied by and the claims where authorization was ultimately granted after some delay. *See id.* The Court did go on to note that actions taken prior to a determination by the Commission may very well form the basis for a bad faith delay claim:

> As discussed above, Mississippi has long recognized that a claimant may maintain an action in tort for an insurance carrier's or self-insured employer's bad faith refusal to investigate or pay workers' compensation benefits. Moreover, as this Court recently made clear, a defendant's conduct prior to the exhaustion of administrative remedies" may give rise to a claim for bad faith. None of our precedents have suggested that a delay in paying or denial of TPD benefits cannot, as a matter of law, supply the basis for such a claim—i.e., no case holds or suggests that such action is never in "bad faith." If a claimant establishes that such benefits were delayed or denied without a legitimate or arguable basis, willfully and

maliciously, or with reckless disregard for the claimant's rights, then the claimant may be able to recover in tort.

*Id.* at 723 (emphasis added) (internal citations and quotation marks omitted). But even if conduct prior to a plaintiff's exhaustion is actionable, Mississippi law requires the plaintiff receive a determination that the benefits he seeks are compensable first. Starling did not do so here, and therefore, the claims were properly dismissed.

## Conclusion

The Starlings have not established that the Court committed a manifest error of law or fact in holding that they were required to exhaust their remedies before the Mississippi Workers' Compensation Commission before instituting their claims in this suit. Accordingly, their motion for reconsideration is denied.

A separate order shall issue.

This, the 24th day of July, 2018.

SENIOR U.S. DISTRICT JUDGE